IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-08677(BKT) |
| LUIS F. LOPEZ ROSADO | CHAPTER 13 |
| DEBTOR(S) | |

## REPLY TO CREDITOR'S REPLY
## TO MOTION TO AVOID JUDICIAL LIEN

Comes now Debtor, represented by the undersigned attorney, and respectfully alleges, states and prays as follows:

1. Upon Plaintiff/Debtor's divorce from his ex-wife, Migna Luz Salgado Ojeda (hereinafter referred to as "Ms. Salgado"), Debtor retained an ownership interest of 50% over his former residential property. Ms. Salgado retained ownership of the other 50% interest.

2. The Divorce Decree, however, mandates Debtor to pay the monthly mortgage installments in-full, since it constitutes the homestead ("hogar seguro" in Spanish) of his son, who recently turned of legal age but is a university student and, consequently, Debtor's dependant.

3. Creditor María Cestero López (hereinafter "Cestero") claims in her response that "…as to the allegation that the obligation to pay mortgage is only to debtor because of the divorce decree does not have legal grounds because the divorce was a contract between debtor and ex-spouse…." Nothing is farther from the truth under the application of Section 507 of the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter referred to as the "Code"). 11 U.S.C. § 507.

4. By virtue of the divorce decree, debtors obligation to pay in full the monthly installments of his son's homestead as these become to constitute a domestic support obligation of first priority rank under the provisions of section 507 (a) (A) of the Code .

5. Based on the foregoing, creditors allegation number 2 of the response is days on an erroneous interpretation and application of section 507 of the code in the case at hand.

6. As recent as May 4, 2011, the, Tribunal of First Instance of the Commonwealth of Puerto Rico, Guaynabo Room, issued judgment releasing debtors ex-spouse of any obligation to pay on account of the debt guaranteed by the judicial lien sought to be avoided herein.

7. Another recent development affecting property of the estate is the passing away of debtor's ex-wife and the creation of her decedent's estate.

8. It continues to be debtor's contention that, although he holds an ownership interest of only 50% of his former residential property and still the homestead of his son, the obligation to pay the mortgage is exclusively his, as is also now the payment of the obligation underlying the judicial lien.

9. Under the present circumstances, debtor's equity over his former residential property is negative and the judicial lien impairing debtor's right to the homestead exemption of his dependent son under 1 U.S.C. §522 (d)(1), therefore, it should be completely stripped as to debtor's ownership interest over the property in question.

WHEREFORE, Debtor prays for an Order against Maria Concepcion Cestero Lopez's for the cancellation and avoidance of the judicial lien attaching Debtor's 50% interest of the residential real estate dwelled by his dependant son, and for such additional or alternative relief as may be just and proper.

RESPECTFULLY SUBMITTED.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to: Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; and to creditor Maria C. Cestero Lopez, through her Attorney, Carlos Fernandez Nadal, at 818 Ave. Hostos, Ste. B, Ponce, PR 00716, and to carlosfernandez@cfnlaw.com.

In San Juan, PR, this 25th day of May 2011.

S/JOSE L. JIMENEZ QUINONES
Jose L. Jimenez Quinones, Esq.
USDCPR 203808

JIMENEZ QUINONES LAW OFFICE, PSC
268 AVE. PONCE DE LEON
Suite 1118
San Juan, P.R. 00918-2007
Tel: 787-282-9009 & 691-2458
Fax: 1-866-326-9416
jljimenez11@gmail.com
jimenezlawoffice@gmail.com